IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KYLIEFF BROWN, | |
|---|---|
| *Plaintiff*, | |
| v. | CIVIL ACTION<br>No. 17-04284 |
| WARDEN MAY, *et al.*, | |
| *Defendants*. | |

**PAPPERT, J.**                                                                                             **June 12, 2018**

## MEMORANDUM

Plaintiff Kylieff Brown, a *pro se* inmate, asserts a claim pursuant to 42 U.S.C. § 1983 against Curran-Fromhold Correctional Facility Warden May, Majors Abello and Thompson, Captain Beaufort, Lieutenants Sprango and Pope, Sargent Roney, and Corrections Officers Baines, Percy, T. Jones and N. Brown for allegedly labeling Brown a "snitch" and failing to protect him from other inmates.[1] May, Abello, Beaufort and Sprango move to dismiss the claim asserted against them.[2] The Court grants the Motion but will allow Brown to file an amended complaint.

---

[1] Brown failed to include the first names of the Defendants in his Complaint.

[2] The Defendants' Motion is untimely, but "[w]here the plaintiff has not made a motion for default judgment and no other responsive pleading has been filed by the defendants, there is no unfairness to the plaintiffs in considering defendants' motion." *Obi-Tabot v. PHH Mortg. Corp.*, No. 11-2028, 2011 WL 13136197, at *2 (E.D. Pa. Nov. 21, 2011) (citing *Laguna v. Kmart Cop.*, 1998 WL 372347, at *3 (E.D. Pa. 1998)).

1

I[3]

A

Brown is an inmate currently serving a sentence at SCI–Dallas. (Compl. at 1, ECF No. 6.) He claims that while incarcerated at Curran-Fromhold Correctional Facility, he was forced to tell May, Abello and Sprango about corrections officers bringing contraband into the prison. (*Id.* at 3.) He also claims that after telling them this, he was threatened and retaliated against by Sargent Roney and Corrections Officers Baines, Percy, T. Jones and N. Brown. (*Id.*) Specifically, he alleges they threatened to have him killed and told other inmates that he was a "snitch." (*Id.*)

As a result of being labeled a "snitch," Brown alleges that he was physically assaulted and stabbed by other inmates at Curran-Fromhold, and that he suffered mental and verbal abuse. (*Id.*) He claims that due to the abuse he suffered, he required psychological treatment and medication. (*Id.*) Brown sent grievances to May and Abello informing them of the abuse he was suffering, but claims that his grievances were ignored. (*Id.* at 4.)

B

Because Brown filed his complaint *pro se*, the Court "must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Bush v. City of Phila.*, 367 F. Supp. 722, 725 (E.D. Pa. 2005) (quoting *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004)). Moreover, in a § 1983 action, the Court must "apply the applicable law,

---

[3] The facts are taken as true and viewed in the light most favorable to Brown. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)); *see also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." (citation omitted)).

May, Abello, Beaufort and Sprango move to dismiss for failure to state a claim under Rule 12(b)(6), contending that Brown has not sufficiently alleged their personal involvement in any constitutional violation. (Mot. to Dismiss, ECF No. 11.) Brown has not responded to the Motion. Consistent with the Third Circuit's policy "which favors disposition of litigation on its merits[,]" *Marshall v. Sielaft*, 492 F.2d 917, 918 (3d Cir. 1974) (citation omitted), and instructs that a complaint should not be dismissed pursuant to Rule 12(b)(6) "solely on the basis of [a] local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted," *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), the Court will analyze the merits of the Motion.

## II

### A

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that

3

[a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether a complaint will survive a motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

B

The Eighth Amendment's "Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other

4

prisoners.'" *Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  "The Cruel and Unusual Punishments Clause, however, does not apply until an inmate has been both convicted of and sentenced for his crimes."  *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 392 n. 6 (1989)).  An inmate awaiting sentencing "must look to either the Fifth Amendment's or the Fourteenth Amendment's Due Process Clause for protection."  *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).  "[A]n unsentenced inmate 'is entitled[,] at a minimum, to no less protection than a sentenced inmate is entitled to under the Eighth Amendment."  *Id.* (quoting *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000)).

Brown's Complaint does not explain if he was incarcerated at Curran-Fromhold pre–or post–conviction; therefore the Court does not know which theory applies to Brown's claim.  In his amended complaint, Brown should clarify his prisoner status.

III

Brown contends that the Defendants violated his constitutional rights by failing to protect him from other inmates and for labeling him a "snitch."  *See* (Compl. at 3). To state an Eighth Amendment failure to protect claim, Brown must plead facts that show "(1) he was incarcerated under conditions posing a substantial risk of serious harm (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  *Id.* at 367 (citing *Farmer*, 511 U.S. at 834).  "An official acts with deliberate indifference when he or she knows of and disregards a substantial risk of serious harm to inmate health or safety."  *Parkell v. Markell*, 622 Fed. App'x 136, 139 (3d Cir. 2015) (citing *Farmer*, 511 U.S. at 834).

5

Brown does not specify whether he is suing May, Abello, Beaufort and Sprango in their official or individual capacities, but because he proceeds *pro se*, the Court will interpret his Complaint as alleging claims against the Defendants in both capacities. "Individual, or personal, capacity suits seek to impose personal liability upon a government official for actions he takes under color of law." *Helm v. Palo*, No. 14-6528, 2015 WL 437661, at *9 (E.D. Pa. Feb. 3, 2015) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "Official capacity suits, however, are just another way of pleading an action against an entity of which an officer is an agent." *Id.* Thus if "the governmental entity receives notice of the suit and an opportunity to respond to it, an official-capacity suit is, in all respects, to be treated as a suit against the government entity itself." *Id.* (citing *Graham*, 473 U.S. at 166).

A

To the extent Brown sues May, Abello, Beaufort and Sprango in their official capacities, his claim is to be treated as a suit against the City and analyzed under the standard for municipal liability set forth in *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658 (1978). A municipality generally will not be held liable under the doctrine of *respondeat superior* for the misconduct of its employees. *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, municipal liability under § 1983 exists only when a constitutional injury results from a city's official policy or informal custom. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658). A plaintiff must "identify a custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).

To prevail against the City, Brown must point to an official policy or informal custom that was deliberately indifferent to his constitutional rights, *see Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059 (3d Cir. 1991), and "must…specify what exactly that custom or policy was." *McTernan*, 564 F.3d at 658 (3d Cir. 2009). He has not done so. Brown does not identify any unconstitutional policy or custom, and his allegations are insufficient to state a *Monell* claim against the Defendants in their official capacities.

B

To the extent Brown sues May, Abello, Beaufort and Sprango in their personal capacities, he must demonstrate their personal involvement in the alleged violations of his constitutional rights. Section 1983 "liability cannot be predicated solely on the operation of respondeat superior." *Chimenti v. Pa. Dep't of Corrs.*, No. 15-3333, 2016 WL 1125580, at *5 (E.D. Pa. Mar. 21, 2016) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Brown can allege such personal involvement under either of two theories: (1) a supervisor's personal direction or actual knowledge and acquiescence in a constitutional violation, *id.* (quoting *Evancho*, 423 F.3d at 353); or (2) that a defendant, in his role as policymaker, acted with deliberate indifference in establishing a policy that directly caused the alleged constitutional violation, *Brown v. May*, No. 16-01873, 2017 WL 2178122, at *2 (E.D. Pa. May 17, 2017).

Brown does neither. He alleges that everyone "knew what was going on" and that he sent grievances to May and Abello informing them of the abuse he was suffering. (Compl. at 3–4.) Brown does not allege that May, Abello, Beaufort or Sprango were present when he was assaulted or called a "snitch" by corrections officers,

7

or that they directed or acquiesced in the violation of his constitutional rights. "Allegations of participation or actual knowledge and acquiescence…must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988); *see also Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) ("[T]he official must actually be aware of the existence of excessive risk; it is not sufficient that the official should have been aware."); *Buoniconti v. City of Philadelphia*, 148 F. Supp. 3d 425, 445 (E.D. Pa. Dec. 7, 2015) (explaining that plaintiff's mention of "prior accounts / complaints" insufficient to show that defendant knew of a substantial risk of harm to inmate). He similarly fails to allege May, Abello, Beaufort or Sprango were policymakers or that they acted with deliberate indifference in establishing a policy which directly caused a violation of his rights. The claim against May, Abello, Beaufort and Sprango in their individual capacities is dismissed without prejudice.

IV

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, Brown does not request leave to amend. Under Federal Rule of Civil Procedure 15(a), however, "courts may grant…amendments 'when justice so requires.'" *Frasher v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing Fed. R. Civ. P. 15(a)). Brown may file an amended complaint consistent with this Memorandum by **July 10, 2018**.

BY THE COURT:


_/s/ Gerald J. Pappert_
GERALD J. PAPPERT, J.