IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KYLIEFF BROWN,

        *Plaintiff*,

v.

WARDEN MAY *et al.*,

        *Defendants*.

CIVIL ACTION
NO. 17-4284

**PAPPERT, J.**                                                                      October 1, 2018

**MEMORANDUM**

Kylieff Brown, a *pro se* prisoner, sued Curran-Fromhold Correctional Facility Warden May, Major Abello, Major Thompson, Captain Beaufort, Lieutenant Sprango, Lieutenant Pope, Sergeant Roney and Correctional Officers Baines, Percy, Jones and Brown. (ECF No. 6.) Brown filed an application for leave to proceed *in forma pauperis* on September 25, 2017, (ECF No. 1), which was granted by the Court on October 17, 2017, (ECF No. 5). Brown's last communication with the Court was on November 20, 2017, when he provided the Court with an updated address. (ECF No. 7.)

Roney answered the Complaint on January 23, 2018. (ECF No. 10.) The same day, Abello, Beaufort, May and Sprango filed a Motion to Dismiss for failure to state a claim. (ECF No. 11.) The Court issued an Order on June 12, 2018, granting the Motion to Dismiss and requiring Brown to file an amended complaint by July 10, 2018. (ECF No. 13.) When Brown did not do so, the Court issued an Order on August 17, 2018, again directing Brown to file an amended complaint by September 16, 2018, and advising him that his case would be dismissed for failure to prosecute if he did not

1

comply. The Court has received no response to the August 17 Order—nor any other communication from Brown—and accordingly dismisses the case with prejudice.

I

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a suit for failure to prosecute. Fed. R. Civ. P. 41(b). Courts may dismiss a case with prejudice to enable them to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994). Generally, when deciding to dismiss a case as a sanction, a district court balances the six *Poulis* factors. *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). But, in cases where "a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary." *Jones v. New Jersey Bar Ass'n*, 242 Fed. App'x. 793, 794 (3d Cir. 2007) (affirming the district court's dismissal with prejudice, without analysis of the *Poulis* factors, because plaintiff did not file an amended complaint by the imposed deadline); *see also Allen v. Am. Fed'n of Gov't Employees*, 317 F. App'x 180 (3d Cir. 2009) (affirming the district court's dismissal with prejudice, without analysis of the *Poulis* factors, because plaintiff did not file an amended complaint within 15 days of an order being issued). In *Allen*, the court explained that the plaintiff's failure to file the amended complaint signaled to the court that he was not pursuing his claim. 317 F. App'x at 181. Without the amended complaint, the court was "uncertain of the contours" of the plaintiff's claims. *Id.* Here, Brown's silence makes "adjudication of the case impossible" and the case can be dismissed with prejudice and without any further analysis. The Court nonetheless addresses the *Poulis* factors as well.

2

There is no "magic formula" or "mechanical calculation" when analyzing the *Poulis* factors. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citation omitted). The six factors to consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions and (6) the meritoriousness of the claims or defenses.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted).

II

Dismissal is warranted in this case. As a *pro se* litigant, Brown is responsible for failing to comply with the Court's August 17 Order. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (finding that failure to comply with the court's orders could not be blamed on counsel when plaintiff was proceeding *pro se*).

The fourth *Poulis* factor—the willful or bad faith conduct of the party—also weighs in favor of dismissal. Courts have held where there is no indication that a plaintiff's failure was from excusable neglect, "the conclusion that their failure is willful is inescapable." *Palmer v. Rustin*, No. 10-42, 2011 5101774, at *2 (W.D. Pa. Oct. 25, 2011); *see also Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith."); *Breeland v. Doll*, No. 11-cv-1415, 2012 WL 1424778, at *5 (M.D. Pa. Mar. 21, 2012), *report and recommendation adopted*, No. 11-cv-1415, 2012 WL 1454016 (M.D. Pa. Apr. 25, 2012) ("[W]hen the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, and has violated the

3

local rules, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions").

Furthermore, Brown has been dilatory in failing to communicate with the Court. He has not been active in the case for almost a year and has failed to comply with two Court Orders directing him to respond. Like the plaintiff in *Allen*, Brown's dilatoriness and failure to file an amended complaint signals to the court that he is no longer pursuing his claim. 317 F. App'x at 181.

Finally, the effectiveness of alternative sanctions favors dismissal, given Brown's *in forma pauperis* status. When there is an indication that a plaintiff may not be able to pay the monetary sanctions, courts have used dismissal as an alternative. *See Briscoe*, 538 F.3d at 263 (monetary sanctions would be ineffective because a pro se plaintiff was proceeding *in forma pauperis*).

With respect to the remaining *Poulis* factors, delay can be prejudicial, *see id.* at 259–60, but the Court has no information suggesting the delay occasioned by Brown's failure to respond to Defendants' Motion to Dismiss is a source of substantial prejudice to Defendants. Nonetheless, Brown's inactivity in the case gives rise to a presumption of prejudice. *See Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537, 544 (E.D. Pa. 2006) ("Such a lengthy period of inactivity . . . gives rise to a presumption of prejudice"). Moreover, the meritoriousness of Brown's claims is unknown. As in *Allen*, the Court is "uncertain of the contours" of the Brown's claims. 317 F. App'x at 181. Yet, as the Third Circuit noted, "[N]o single [ ] factor is dispositive," and "not all of the *Poulis*

4

factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263. The Court accordingly dismisses the case with prejudice for failure to prosecute.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.